# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BOBBY BATTLE, on behalf of himself )
and his daughter, JASMINE BATTLE, )
and minor grandchildren, JAYMA )
BATTLE and JALIHYA (BATTLE) )
CARBAJAL, )
                              )
      Plaintiffs, )
                              )
vs. ) Case No. CIV-05-0405-F
                              )
THE STATE OF OKLAHOMA, )
DEPARTMENT OF HUMAN )
SERVICES OF THE STATE OF )
OKLAHOMA, and STEVE )
SULLIVAN, )
                              )
      Defendants. )

## ORDER

Upon review of the complaint, the court finds that there are jurisdictional issues. Jurisdictional issues may be addressed by the court at any time during the proceedings. In fact, whenever the court becomes aware of such issues, the court is required to address them. *See*, Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 n.1 (1995) (Ginsburg, J., concurring) ("[o]f course, every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion"). Accordingly, the court addresses the jurisdictional issues presented by the complaint in this action, on its own motion. Plaintiff appears *pro se*, so the pleadings are liberally construed.

Rooker-Feldman Doctrine

The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See*, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The party losing in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See*, Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991).  As recently clarified in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 72 USLW 4266 (March 30, 2005), the Rooker-Feldman doctrine is confined to cases of the kind from which the doctrine acquired its name, that is, to cases which are brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced, and which invite district court review and rejection of those state court judgments.

The complaint in this action alleges "That on the 25th day of January, 2005, the Juvenile District Court of Oklahoma County took custody of the Battle children...." (Complaint, ¶ 1.)  The complaint then alleges that "on [t]he 26th day of March, 2005, ... Petitioner(s) was denied access to the Courtroom wherein the Show Cause Hearing was being conducted to determine whether or not Petitioner Bobby Battle had in fact failed to protect the Battle children."  The complaint alleges "That Plaintiff(s) later learned that the Defendants had by and through the Show Cause Hearing made the Battle children wards of the State of Oklahoma." (Complaint, ¶ 5.)  The complaint

then alleges "That Plaintiff(s) appealed to Supreme Court of the State wherein the Court denied Petitioner(s)' Application for an Order Assuming Original Jurisdiction and Petition for a Writ of Habeas Corpus and/or Prohibition." (Complaint, ¶ 6.)  The complaint concludes with a prayer for relief asking "that this Court Issue an Order reversing and remanding Case No. 1011757 back to the Supreme Court of the State of Oklahoma with instructions [to] issue an Order staying [the] matter ... of the Battle children, Case number JD-2005-52, District Court of Oklahoma County, Juvenile Division, state of Oklahoma, until a final judicial determination is made in the matter, Case No. 1017557."[1]

Having reviewed the complaint in its entirety, the court finds that this action is brought by a state court loser complaining of injuries caused by a state court judgment rendered before the complaint was filed in this action, and that the complaint seeks review and rejection of state court proceedings.  As this action fits squarely within the parameters of Rooker-Feldman, the court finds and concludes that it is barred by that doctrine.  The court therefore lacks subject matter jurisdiction, and this action should be dismissed under Fed. R. Civ. P. 12(b)(1).

## Failure to State a Claim

As provided in 28 U.S.C. § 1915(e)(2)(B)(ii) with respect to in forma pauperis actions such as this one, "the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted...."  Accordingly, in addition to the jurisdictional issue already addressed, the court also considers whether the complaint states a claim against defendant Steve Sullivan.

---

[1] The court notes a probable typographical error in the prayer as the two case numbers cited there differ by one digit.

The standard for evaluating dismissal for failure to state a claim is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Although Steve Sullivan is listed as a defendant in the caption of the complaint, there are no allegations referring to him, identifying him, or explaining the capacity in which he is sued. No allegations describe his participation or involvement in any events. Applying the most liberal standards to consideration of whether the complaint states a claim against Mr. Sullivan, the court concludes that it does not. Accordingly, the claims against Mr. Sullivan should be dismissed not only for lack of subject matter jurisdiction as stated earlier in this Order, but also because the complaint fails to state a claim against Mr. Sullivan under Fed. R. Civ. P. 12(b)(6). Given the jurisdictional problems with this action, leave to amend the claims against Mr. Sullivan would be futile.

## Conclusion

Having carefully reviewed the complaint and the relevant arguments and authorities, the court determines that this action should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The court further

determines that any claims alleged against Steve Sullivan should also be dismissed without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

This action is hereby **DISMISSED**.

Dated this 4th day of May, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0405p001(pub).wpd